IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ODELL EDWARDS, *et. al.*, | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Cause No. 3:17-CV-01208-M |
| | § | |
| ROY OLIVER, *et al.*, | § | |
| Defendants. | § | |

### REPLY TO PLAINTIFF'S RESPONSE TO THE CITY'S
### 12(b)(6) MOTION TO DISMISS EDWARDS' FOURTH AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant the City of Balch Springs, Texas (herein referenced as "City" or "Defendant") who makes and files this Reply to Plaintiff's Response[1] to the City's Motion to Dismiss Plaintiff's (the Edwards Plaintiff) Fourth Amended Complaint[2] ("Complaint") pursuant to F.R.C.P. 12(b)(6). For same, Defendant would state the following:

1. Plaintiff's Response clarifies that no claim is asserted as to the Balch Springs Police Department as a separate entity. Thus, to the extent such a claim may be found within the Fourth Amended Complaint due to the wording of same, an order of dismissal would be appropriate to clarify the record.

2. In the introduction section of his Response, Plaintiff presents argument referring to a psychological evaluation; alleged failures to train, supervise or discipline; alleged excessive force conduct; and an alleged traffic incident.[3] These matters are presented as mere argument and lack factual support in the Complaint; thus, they are not properly before the Court on this

---

[1] Court's Docket, #148.
[2] *Id.* #123.

Motion.[4]  Additionally, the Response argues the existence of a "long standing record" of alleged inadequate training and of not preventing excessive force "claims".[5]  These allegations likewise lack any factual support in the Amended Complaint.  There is also no allegation as to how the failure to prevent "claims" can operate to cause the incident underlying this lawsuit.  The Response argues that a pattern of similar violations[6] is alleged by the Amended Complaint when, as discussed below, no similar prior incidents are presented.  The response further argues that firing at moving vehicles violates unspecified standards[7] – another allegation not found in the Amended Complaint.  In the Response,[8] Plaintiff relies on the *Brosseau*[9] case for the argument the shooting incident was foreseeable to the City.  However, this was a case which denied qualified immunity to an officer in a shooting case[10] and is inapposite to the municipal liability issues herein.

   3. To clarify, Defendant's Motion is directed to any due process claim asserted individually by Plaintiff Edwards based upon the loss of the parent-child relationship[11] rather than directed toward damages asserted under the Texas Wrongful Death claim.  Further, the City's motion likewise is directed toward any claims of the minor plaintiffs V.A. and K.E. which are based upon the alleged deprivation of the Constitutional rights of the deceased.[12]

---

[3] *Id.*, pp. 7-8.
[4] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson* 197 F.3d 772, 774 (5th Cir. 1999) *cert. denied*, 530 U.S. 1229 (2000). *See also, Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).
[5] Response, docket #148, p. 12.
[6] *Id.*, p. 14.
[7] *Id.* p. 15.
[8] *Id.*, p. 16.
[9] *Brosseau v. Haugen*, 543 U. S. 94 (2004).
[10] *Id.*, at 543 U. S. at 201.
[11] City's Brief in Support of it's Motion to Dismiss. Docket #138, pp. 3-4.
[12] *Id.*

4. Plaintiff's discussion[13] of the pleading standard applicable to a municipal liability claim is essentially correct; however, Plaintiff understandably omits reference to the requirement that the claim of municipal liability must be supported by *specific* factual pleading.[14] However, Plaintiff's reliance[15] on the *Leatherman* case is misplaced in this instance.[16] Further, the *Johnson v. City of Shelby* case cited by Plaintiff[17] held that a complaint was not deficient for failure to identify the legal theory upon which the suit was based, not for failure to factually support the claim.[18] Contrary to the argument found on p. 12 of Plaintiff's Response, the City's Motion points out the inadequacy of Plaintiff's Amended Complaint arising from a lack of *factual pleading* to support the existence of the policies, practices and customs allege and a lack of *factual* support for imputing knowledge to any policymaker sufficient to support an inference of deliberate indifference rather than the failure to identify a policymaker.[19] The failure to allege facts supporting a claim of knowledge by policymakers is fatal to Plaintiff's claim. "A city cannot be liable for an unwritten custom unless '[a]ctual or constructive knowledge of such custom' is attributable to a city policymaker."[20] The Amended Complaint "invites no more than

---

[13] Plaintiff's Response, Docket #148, p.3.
[14] City's Brief in Support of its Motion to Dismiss. Docket #138, p. 2, nn. 3-9.
[15] Plaintiff's Response, Docket #148, p.10.
[16] *Leatherman* involved the question of whether the pleading standard applicable to the qualified immunity defense of an individual was applicable to a municipal Defendant which does not enjoy that defense. *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). After the *Leatherman* case, the Supreme Court handed down its opinions in the *Twombly* and *Iqbal* cases. *See*, Defendant's Brief, Docket # 138, nn. 3, 6.
[17] Plaintiff's Response, Docket #148, p.8.
[18] 135 S. Ct. 346, 347 (2014).
[19] *See generally, id.* at pp. 4-11. Even though the policymaker allegations are also found wanting. "Unfortunately, unlike the plaintiff in *Flanagan*, Plaintiff here has neglected to provide factual assertions sufficient to create a reasonable inference that the Chief of Police has been delegated certain authority. *Moreno v. City of Dallas,* 2015 WL 3890467, *4. (N.D. Tex. 2015).
[20] *Pena v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) citing *Hicks-Fields v. Harris County*,

speculation that any particular policymaker … knew about the alleged custom. [citation omitted] Without more, [the] allegation fails the second prong of § 1983 as well."[21]   "Actual or constructive knowledge of the unconstitutional custom also must be attributable to the ….. governing body or to the official to whom policy-making authority has been delegated."[22]

5. The allegation of a "shoot first" policy[23] of the City is, like most of the allegations before the Court, a bare assumption and speculation with no factual support found in this record.

6. The Response argues that a pre-employment psychological exam indicated adverse information about Oliver and further argues, in conclusory fashion, that the exam contents were contained in a test "the City administers" and were known to the City policymakers.[24]   The Complaint contains no factual allegations supporting these arguments. There is simply no factual allegation before the Court to support the claim of knowledge by policymakers of this alleged content of a psychological exam.

7. The Response argues that the allegation of a practice or custom is supported by a complaint of misconduct in a court case;[25] by an incident of being "disrespectful"; by an unseemly post on a facebook page; and by an incident shortly before the incident underlying this suit where Oliver allegedly "pulled a gun" on a motorist.[26]   Additionally, the Response argues the allegation is supported by two prior Taser incidents – one of which allegedly involved someone being "killed" with a Taser.[27]   Only one of these alleged incidents involve an

---

860 F.3d 803, 808 (5th Cir. 2017).
  [21] *Id.*
  [22] *Flanagan v. City of Dallas*, 48 F. Supp. 3d 941, 949 (N. D. Tex. 2014) (J. Lynn).
  [23] Plaintiff's Response, Docket #148, p.16.
  [24] Response, docket #148, p. 18.
  [25] The Amended Complaint recognizes that Oliver <u>was</u> disciplined for this incident.  Docket #110-1, p. 9.
  [26] Response, docket #148, p. 14.
  [27] *Id.*, p. 15.   Although outside of the pleadings, Defendant respectfully suggests the Court may take

allegation of deadly force[28] and that one is questionable since it claims to have involved the use of a non-lethal Taser.   Thus, the Amended Complaint, and Plaintiff's Response to Defendant's Motion, lacks the allegation of "similar" past incidents necessary to support a claim of a practice or custom based upon past incidents.[29]

8.   Plaintiff mistakenly argues that his training theory allegation fits within the "single incident" exception to the general rule that a pattern of similar incidents is necessary before a practice or custom may be found.[30]  The single incident exception "is generally reserved to those cases in which the government actor was provided no training whatsoever."[31]  Such is not the case here, even according to Plaintiff's allegations.

9.   Even assuming, *arguendo*, that Plaintiff's allegations regarding Oliver were true and that a City policymaker allegedly knew of them at the time of Oliver's hiring and tenure, they fall far short of establishing that the specific shooting in this case was a highly predictable consequence of any alleged hiring and unspecified failure to train decisions.[32] These alleged red flags are irrelevant to Plaintiff's claims, because they do not constitute "an abundance of evidence about the proclivities of the particular officer" to use excessive deadly force.[33]  Indeed, the prior incidents relied upon in the Amended Complaint and Response all involve dissimilar alleged occurrences.  "[P]rior incidents "cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question. That is, notice of a pattern of <u>similar</u>

---

judicial notice of the fact that Tasers are non-lethal control devices.
   [28] Again, this allegation is highly questionable since no firearm used was claimed – only the use of a non-lethal Taser.
   [29] *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003), *Flanagan v. City of Dallas*, *supra.*
   [30] Response, docket #148, p. 15.
   [31] *Pena v. City of Rio Grande City*, *supra* at 624.
   [32] *See, Rivera v. Bonner*, 691 Fed. Appx. 234, 237 (5th Cir. 2017).

violations is required."[34] Thus, the Amended Complaint lacks specific factual pleading of alleged prior similar incidents necessary to state a claim of municipal liability based upon an alleged custom or practice.

10. The section of the Amended Complaint quoted in the Response[35] appears to present a type of "but for" argument which the Supreme Court has held insufficient to meet the causation requirement in a civil rights municipal liability context. Plaintiff alleges that the shooting would never have happened had the City fired Oliver beforehand.[36] The Supreme Court rejected this type of reasoning when it held:

> Obviously, if one retreats far enough from a constitutional violation some municipal "policy" can be identified behind almost any such harm inflicted by a municipal official; for example, Rotramel would never have killed Tuttle if Oklahoma City did not have a "policy" of establishing a police force. But *Monell* must be taken to require proof of a city policy different in kind from this latter example before a claim can be sent to a jury on the theory that a particular violation was "caused" by the municipal "policy." At the very least there must be an <u>affirmative link</u> between the policy and the particular constitutional violation alleged. … Such an approach provides a means for circumventing *Monell* 's limitations altogether. Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the "policy" and the constitutional deprivation. [37]

---

[33] *Hobart v. Estrada*, 582 Fed. Appx. 348, 358 (5th Cir. 2014).
[34] *Moreno v. City of Dallas, supra* at *7, citing *Estate of Davis ex. rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (citations omitted) (emphasis added).
[35] Docket #148, p. 17.
[36] *Id.*
[37] *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S. Ct. 2427, 2436, 85 L. Ed. 2d 791 (1985) (footnotes omitted) (emphasis added).

11. The argument that an alleged failure to train in use of force and other areas not applicable to the incident in question lacks factual support. What training was not provided? How did the unspecified failure cause the incident? What knowledge was there on the part of policymakers indicating a need, if any, for further training? Furthermore, these training allegations may not be combined with hiring or discipline allegations in an effort to claim the City should be liable based upon a plethora of disconnected issues. "[E]ach of the cited customs concerns a discrete police department program or area of decision-making, and each invokes separate aspects of the policy issue. Finally, each alleged policy may have had a distinct impact as the moving force of [Plaintiff's] … claim. In *Bryan County,* for example, the Court carefully distinguished between municipal liability for failure to train and liability for a single negligent hiring decision."[38] Herein, Plaintiff merely asserts claims and arguments, mostly unsupported factually, of any "bad" aspect of the City's Police Dept. which can be alleged in the apparent hope that the cumulative effect will "be enough to raise a right to relief above the speculative level..."[39] Defendant respectfully submits the effort falls short and Defendant's motion to dismiss should be granted.

12. The Response seeks leave to amend Plaintiff's Complaint yet again to correct defects in the Amended Complaint.[40] Plaintiff has pleaded <u>five times</u> to date.[41] Defendant submits that so many amendments should compel this Honorable Court to find that Plaintiff has

---

[38] *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001) referring to *Bryan County,* 520 U.S. at 398, 117 S.Ct. at 1391.
[39] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).
[40] Docket #148, p. 22.
[41] Court's Docket ##1, 11, 12, 31 and 123.

pleaded his best case such that further amendment is futile[42] and leave to amend should therefore be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that it go hence without day, recover costs, including reasonable attorney's fees, pursuant to 42 U.S.C. 1988, in this behalf expended and for such other and further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:   **/s/ Joe C. Tooley**
State Bar No. 20129750
510 Turtle Cove, Suite 112
Rockwall, Texas 75087
(972) 722-1058
(972) 722-1070 (Facsimile)
Joe@TooleyLaw.com

ATTORNEY FOR DEFENDANT
CITY OF BALCH SPRINGS, TEXAS.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, modified by this Court's ECF Orders, on this 05th day of November, 2018.

**/s/ Joe C. Tooley**

---

[42] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).