IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ODELL EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-cv-01208-M |
| | § | |
| ROY OLIVER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Judgment as a Matter of Law.  ECF No. 600. For the reasons stated below, the Motion is **DENIED**.  The Court will enter judgment consistent with the jury's verdict.

**I.   Factual and Procedural Background**

This action, brought under 42 U.S.C. § 1983, arises out of the 2017 shooting death of fifteen-year-old Jordan Edwards by Defendant Roy Oliver, a former Balch Springs, Texas, police officer.  Jordan Edwards's biological father, Plaintiff Odell Edwards, brought this suit in 2017 against Defendant individually, as a wrongful death beneficiary under Texas Civil Practice & Remedies § 71.004, and for Jordan's Estate, under Texas Civil Practice & Remedies § 71.021. ECF No. 270.

This case was tried to a jury on March 27 through April 3, 2023.  On April 3, 2023, the jury returned its verdict, finding in favor of the Plaintiff on the excessive force claim, and against the Defendant on qualified immunity.  ECF No. 597 (Phase One Verdict) at 1–2.  The jury awarded $8,500,000 in compensatory damages to Plaintiff, individually, and $2,113,634 to

1

Jordan's Estate. *Id.* at 3–4. The jury awarded Plaintiff $11,000,000 in punitive damages. ECF No. 598 (Phase Two Verdict) at 2. Defendant now moves for judgment as a matter of law.

## II.  Legal Standard

A motion for judgment as a matter of law may be granted if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury did not have a legally sufficient evidentiary basis to find for the party on that issue. Fed. R. Civ. P. 50(a). A district court "must deny a motion for judgment as a matter of law unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Baisen v. I'm Ready Prod., Inc.*, 693 F.3d 491, 498 (5th Cir. 2012).

## III.  Analysis

Defendant seeks to overturn the jury's verdict by moving for judgment as a matter of law on two grounds, arguing first, that Plaintiff is not the legal representative of the Estate, and second, that it was objectively reasonable, under the Fourth Amendment and the doctrine of qualified immunity, for Defendant to fire upon the car in which Jordan was a passenger. The Court shall address each argument in turn.

### a.  Plaintiff's claim on behalf of Jordan's Estate

Defendant argues that Plaintiff is not the legal representative of the Estate, and therefore the Court should enter judgment as a matter of law for Defendant on Plaintiff's survival action claim on behalf of Jordan's Estate.

#### i.  Background

Jordan Edwards died intestate. The parties do not appear to dispute that Jordan's parents—Plaintiff and Jordan's biological mother, Shaunkeyia Keyon Stephens—are Jordan's

heirs under Texas law because Jordan died without a spouse or children.[1]  *See* Tex. Est. Code §§ 22.015, 201.001.

Plaintiff initiated the instant lawsuit on May 5, 2017; Plaintiff's Original Complaint and subsequent pleadings have all included a survival action claim on behalf of Jordan's Estate.  ECF No. 1 ¶¶ 76–81; *see also* ECF No. 270 ¶ 87(a).  On May 15, 2017, Plaintiff Odell Edwards filed with the probate court a First Amended Application for Letters of Independent Administration (the "Application").[2]  ECF No. 600-1 at 8–14.  The Application requested the probate court to appoint Plaintiff to serve as the independent administrator of the Estate, without bond.  *Id.* ¶ 13.  The Application specified that Plaintiff and Stephens each had a 50% interest in Jordan's separate personal and real property, and stated that an administration of Jordan's estate was "necessary" to "pursue legal claims on behalf of the Decedent's estate."  *Id.* ¶ 12.

On May 18, 2017, Stephens filed an Objection to Plaintiff's Application.  ECF No. 600-1 at 15–17. Stephens objected to Plaintiff being named independent administrator, and objected to him serving as a dependent administrator "unless the parties mutually agree otherwise."  *Id.* ¶ 3.  There has been no evidence presented of such an agreement.  The Court notes that Stephens previously intervened in this lawsuit, but her claims were dismissed pursuant to a settlement agreement.[3]

---

[1] The Texas Estates Code defines "heir" as "a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate."  Tex. Est. Code § 22.015.  If a person who dies intestate does not leave a spouse, and "no child or child's descendant survives the person, the person's estate descends and passes in equal portions to the person's father and mother."  Tex. Est. Code § 201.001.

[2] Plaintiff filed his Application in Probate Court No. 3 of Dallas County, Texas, in *In the Estate of Jordan Jovan Edwards*, No. PR-17-01627-3.

[3] Stephens moved to intervene, and the Court granted the Motion.  ECF Nos. 6, 23.  On June 16, 2017, Stephens filed her Intervenor Complaint, asserting, in addition to her own individual claims, a survival action claim on behalf of Jordan's Estate, pursuant to Texas Civil Practice & Remedies Code § 71.021.  ECF No. 30 ¶ 85 ("Shaunkeyia Keyon Stephens is the mother of Decedent Jordan Jovan Edwards and is an heir of his Estate. . . . Shaunkeyia Keyon Stephens is entitled to recovery for the causes of action herein alleged on behalf of Jordan Jovan Edwards and his Estate." (capitalization adjusted)).  Stephens's subsequent pleadings dropped a claim on behalf of Jordan's Estate. *See, e.g.*, ECF Nos. 129, 134, 272, 273.  As Plaintiff acknowledges, on October 5, 2021, Stephens settled her wrongful death claims against Defendant.  ECF No. 603 at 4 n.3; ECF No. 603-1 at 2–15; ECF No. 551 at 3 n.1

The docket of the probate case indicates that, from August 10, 2017, to March 20, 2023, there was no activity as to Plaintiff's Application to become independent administrator of Jordan's Estate. *See In the Estate of Jordan Jovan Edwards*, No. PR-17-01627-3. On March 20, 2023, Plaintiff moved the probate court to dismiss his Application without prejudice, asserting that independent administration of the Estate was "no longer necessary or needed." ECF No. 600-1 at 19. On March 24, 2023, three days before the start of trial, the probate court dismissed Plaintiff's Application, without prejudice. *Id.* at 20. At trial, the jury awarded Plaintiff $2,113,634 for the Estate. ECF No. 597 at 4.

### ii. Analysis

Plaintiff's survival action claim on behalf of Jordan's Estate is brought pursuant to the Texas survival statute, which provides, in part:

> (a) A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person or because of the death of a person liable for the injury.
>
> (b) A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. The action survives against the liable person and the person's legal representatives.

Tex. Civ. Prac. & Rem. Code § 71.021.

Jordan's Estate had standing to pursue a claim under § 71.021. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005) ("[I]n a survival action, the decedent's estate has a justiciable interest in the controversy sufficient to confer standing."). Defendant's Motion for Judgment as a Matter of Law presents a different question: whether Plaintiff had the capacity to bring a claim on the Estate's behalf. *See id.* at 851 n.3. Capacity to sue is determined by the

---

("Jordan's mother did not purport to settle any claims of the Estate . . . ."). The agreement between Stephens and Defendant states that it "does not apply to the wrongful death and survival action claims brought by Odell Edwards, individually and on behalf of the Estate of Jordan Edwards." ECF No. 603-1 at 2 n.1.

4

procedural law of the state where the case is pending. *Adkison v. Polaris Industries, Inc.*, 2020 WL 137226 (N.D. Tex. Jan. 13, 2020) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)).

Defendant argues that he is entitled to judgment as a matter of law on Plaintiff's survival action claim on behalf of Jordan's Estate because Plaintiff was never appointed the Estate's legal representative in the probate proceeding. "In general, only the estate's personal representative has the capacity to bring a survival claim." *Lovato*, 171 S.W.3d at 850. Despite this general rule, the Texas Supreme Court has recognized that, under certain circumstances, heirs may be entitled to sue on behalf of the decedent's estate. *Id.* at 850–81. In *Lovato*, the Texas Supreme Court articulated at least one such circumstance, namely that an heir "at law" is permitted to maintain a survival action "during the four-year period the law allows for instituting administration proceedings if they allege and prove that there is no administration pending and none [is] necessary." *Id.* (alteration in original) (quoting *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998)).

The Court concludes that Plaintiff sufficiently proved at trial that he is entitled to sue on behalf of Jordan's Estate in his capacity as Jordan's heir. Defendant does not dispute that Plaintiff is Jordan's heir. Plaintiff testified during trial that no administration was currently pending, which is supported by the documents provided by the parties and the order of the probate court dismissing Plaintiff's Application. *See* ECF No. 600-1 at 20 ("The Court is of the opinion that the Motion to Dismiss Without Prejudice should be granted because the relief sought by Applicant . . . is no longer necessary or needed."). Plaintiff further testified that Jordan did not leave a will, had no creditors, and prior to his death, owned no assets. *See* Trial Tr., March 29, 2023. Jordan was fifteen years old at the time of his death, and testimony at trial

established that he was in high school living with Plaintiff, and never lived independently. Courts have previously found similar such evidence sufficient to prove that administration of a decedent's estate is not necessary. *E.g.*, *Roundtree v. City of San Antonio, Tex.*, 2022 WL 508343, at *5 (W.D. Tex. Feb. 17, 2022).

Although courts have, at times, found that family agreement regarding an heir's representation of the estate or disposition of assets can be relevant, the absence of any such evidence here is not dispositive. In *Lovato*, the Texas Supreme Court acknowledged that while a family agreement regarding the disposition of assets "can provide support for the assertion that no administration of the decedent's estate is necessary," it made no pronouncement indicating that such family agreement is required, or that the absence of such agreement is dispositive. 171 S.W.3d at 851.

In arguing that Plaintiff cannot assert a claim on behalf of Jordan's Estate, Defendant points only to Plaintiff's since-dismissed Application to be appointed independent administrator of Jordan's Estate to argue that Plaintiff was never appointed the legal representative of Jordan's Estate. However, as discussed, the Court finds that Plaintiff is entitled to assert a survival action claim not in any capacity as a legal representative of Jordan's Estate, but as Jordan's heir. Moreover, the fact that the Application was filed and then lay dormant for six years before dismissal provides additional support that formal administration was not necessary to resolve Jordan's assets and liabilities, or lack thereof.

Because the evidence at trial was sufficient to prove that, as Jordan's heir, Plaintiff was entitled to bring a survival action on behalf of Jordan's Estate, the Court **DENIES** Defendant's Motion for Judgment as a Matter of Law as to Jordan's Estate claim. The Court shall enter

6

judgment providing that Plaintiff, on behalf of Jordan's Estate, shall recover from Defendant compensatory damages awarded by the jury to the Estate.

### b. Qualified Immunity

Pre-verdict, Defendant orally moved for judgment as a matter of law as to the affirmative defense of qualified immunity. The Court denied Defendant's requested relief on the record. Defendant against seeks judgment as a matter of law on qualified immunity.

At trial, the jury found that on April 29, 2017, Defendant used excessive force against Jordan Edwards, and is not protected by qualified immunity. Phase One Verdict at 1–2. The Court concludes that there was sufficient evidence from which the jury could conclude that Defendant's actions were objectively unreasonable. For example, John Peters testified that Defendant's actions were inconsistent with national use-of-force standards, recommendations, and guidelines. Witnesses, including other occupants of the vehicle, testified that the car was moving away from the officers, and thus Defendant was not facing imminent threat of harm, at the time Defendant fired the shots at issue. Accordingly, Defendant's Motion for Judgment as a Matter of Law is **DENIED** as to qualified immunity.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Judgment as a Matter of Law is **DENIED**. The Court will render judgment consistent with the jury's verdict. All pending motions not decided are **DENIED**.

**SO ORDERED**.

August 1, 2023.

*[Signature: Barbara M. G. Lynn]*
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE